**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JAMES QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:17-cv-00516 (RJL) |
| ) | |
| HARGROVE, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Hargrove, Inc. ("Defendant"), by and through undersigned counsel, hereby states as follows for its Answer to Plaintiff's Complaint (hereinafter the "Complaint"). Except for those allegations expressly admitted herein, Defendant denies each and every allegation in the Complaint.

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff performed work on the production of the Democratic National Convention and the Presidential Inauguration. Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

3. Defendant admits that, as of the date of the filing of this Answer, the DNCC has paid its bills to Defendant. Defendant denies the remaining allegations of Paragraph 3 of the Complaint.

4. Defendant denies the allegations of Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff purports to assert claims in his Complaint pursuit to the statutes identified in Paragraph 5.

6. Defendant admits Paragraph 6.

7. Although Defendant admits that venue is proper in this Court, it denies that a substantial part of the events occurred in this District. Defendant denies the remaining allegations of Paragraph 7 of the Complaint.

8. Defendant admits Paragraph 8.

9. Defendant admits Paragraph 9.

10. Defendant avers that it transmitted an offer letter to Plaintiff on March 31, 2015. Defendant denies the allegations of Paragraph 10.

11. Defendant denies Paragraph 11.

12. Defendant denies Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant admits that Plaintiff worked in its offices in Maryland. Defendant denies the remaining allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant avers that the offer letter speaks for itself. Defendant denies the remaining allegations of Paragraph 17 of the Complaint.

18. Defendant admits the allegations of Paragraph 18 of the Complaint.

19. Defendant avers that it properly allocated sales to Plaintiff for all events. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant admits that it was retained by the 2016 Democratic National Convention Committee to perform work for the 2016 Democratic National Convention. Defendant denies the remaining allegations of Paragraph 21.

22. Defendant admits that it was retained by the 2017 Presidential Inaugural Committee to perform work for the 2017 Presidential Inauguration. Defendant denies the remaining allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant admits the allegations in Paragraph 24.

25. Defendant admits that certain executives and employees had the power to hire and fire Plaintiff. Defendant denies the remaining allegations of Paragraph 25.

26. Defendant admits that certain executives and employees had the power to control Plaintiff's work schedule. Defendant denies the remaining allegations of Paragraph 26.

27. Defendant admits that certain executives and employees had the power to supervise and control Plaintiff's work. Defendant denies the remaining allegations of Paragraph 27.

28. Defendant admits that certain executives and employees had the power to set Plaintiff's pay. Defendant denies the remaining allegations of Paragraph 28.

29. Paragraph 29 is a legal statement that does not require an answer. To the extent a response is required, Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

### COUNT I:  FAILURE TO PAY WAGES UNDER THE DCWPCL

31. Defendant incorporates by reference its answer to Paragraphs 1 through 30.

32. Defendant denies the allegations of Paragraph 32.

33. Paragraph 33 is a legal statement that does not require an answer. Defendant denies it was an "employer" subject to the DCWPCL.

34. Paragraph 34 is a legal statement that does not require an answer.  To the extent a response is required, Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 is a legal statement that does not require an answer.  To the extent a response is required, Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

### **COUNT II:  FAILURE TO PAY WAGES UNDER THE MWPCL**

39. Defendant incorporates by reference its answer to Paragraphs 1 through 39.

40. Paragraph 40 is a legal statement that does not require an answer.  To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 is a legal statement that does not require an answer.  To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 is a legal statement that does not require an answer.  To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 is a legal statement that does not require an answer.  To the extent a response is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

## RELIEF REQUESTED

Defendants deny the appropriateness and validity of the relief requested by Plaintiff. Defendants deny each and every allegation in the "Prayer for Relief" clause of the Complaint. Defendants deny that Plaintiff is entitled to any relief requested in that clause.

## AFFIRMATIVE DEFENSES

I.  Defendants, while reserving the right to assert all other applicable defenses as discovery proceeds, assert the following defenses in further opposition to the Complaint, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendant denies that Plaintiff has suffered any loss or damages and further asserts that any losses or damages sustained by Plaintiff are de minimis, remote, speculative and/or transient and hence are not cognizable at law.

### Third Defense

Some or all of the forms of relief sought by Plaintiff are not available under the causes of action alleged.

### Fourth Defense

Plaintiff failed to take reasonable steps to prevent, minimize, or otherwise mitigate the damages he alleges to have sustained.

**Fifth Defense**

Defendant lawfully exercised its discretion in relation to Plaintiff's compensation, all decisions relating to Plaintiff's compensation were made in good faith and in a reasonable manner, and Defendant's actions and decisions were justified by legitimate, lawful reasons.

**Sixth Defense**

Defendant complied with all applicable laws, regulations and standards, and at all times, Defendant applied the policies at issue, which were and are lawful, in a reasonable manner to promote legitimate business objectives.

**Seventh Defense**

The wrongs alleged, if any, were justified and/or excused under the circumstances.

**Eighth Defense**

Plaintiff is not entitled, on the law and/or the facts, to punitive or liquidated damages.

**Ninth Defense**

Plaintiff's claim for punitive damages is barred because it violates the Excessive Fines Clause of the Eighth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and violates Article 1, sections 9 and 11 of the Constitution of Virginia.

**Tenth Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant was privileged to take (and acted rightfully and with justifiable cause in taking) the actions alleged.

**Eleventh Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and unclean hands.

**Twelfth Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**RESERVATION OF RIGHTS**

Defendant hereby reserves the right, upon completion of investigation and discovery in this matter, to file such additional defenses, counterclaims, third-party claims, and/or cross-claims as may be appropriate.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's claims with prejudice, award Defendant its costs and attorneys' fees, and award such other and further relief as the Court deems just and proper.

Dated: May 4, 2017

Respectfully submitted,

CONNIE N. BERTRAM
D.C. Bar No. 435840


By: _____/s/_____
CONNIE N. BERTRAM
PROSKAUER ROSE, LLP
1001 Pennsylvania Ave., NW
Suite 600S
Washington, DC 20004
Telephone:  (202) 416-6810
Fax:  (202) 416-6899
cbertram@proskauer.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2017, I will file the foregoing with the Clerk of Court using the CM/ECF System which will then send a notification of such filing (NEF) to the recipients listed below:

**JUSTIN DEREK ZELIKOVITZ**
DC WAGE LAW
519 H Street, NW
Washington, DC 20001
(202) 803-6083
Fax: (202) 683-6102
Email: Justin@dcwagelaw.com

                                          /s/ Connie N. Bertram_____
                                          Connie N. Bertram