## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| |
|---|
| JAMES QUINN |
|       Plaintiff, |
| v. |
| HARGROVE, INC. |
|       Defendant. |

Case No. 1:17-cv-00516-RJL

## JOINT REPORT OF THE PARTIES PURSUANT TO
## FED. R. CIV. P. 26(f) AND LCvR 16.3(d)

The parties submit this Joint Report pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3(d).

The Initial Scheduling Conference ("ISC") in this matter has not been set.

**A.     Brief Statement of Claims and Defenses**

Plaintiff brings this action to recover damages for Defendant's failure to pay commissions, in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.* and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. § 3-501 *et seq.*

Defendant denies these allegations and denies liability.

**B.     Local Civil Rule 16.3(c) Matters**

1.     <u>Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.</u>

Defendant believes the case is likely to be completely disposed of by dispositive motion; Plaintiff disagrees.  Neither party has filed a dispositive motion nor recommends that discovery or other matters (other than trial) should await a decision on any future dispositive motion.

2.     <u>The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.</u>

The parties propose that all parties be joined and all pleadings be amended by June 19, 2017.

The parties do not currently agree on any of the principal factual and legal issues, but they anticipate that future agreement may be possible.

3.      Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties do not consent to the assignment of this case to a magistrate judge.

4.      Whether there is a realistic possibility of settling the case.

The parties believe that there is a moderate likelihood that this case will settle.

5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

Counsel for the parties have discussed ADR with their clients, and the parties believe that this case would benefit from early ADR.

6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The parties may file dispositive motions. The parties propose that the deadline for filing dispositive motions be set 28 days after the close of all discovery (October 24, 2017), that oppositions be due 14 days after the deadline for dispositive motions (November 7, 2017), and that replies be due 7 days after the deadline for oppositions (November 14, 2017).

7.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree to dispense with initial disclosures.

8.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a

<u>date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.</u>

The parties agree that discovery will be relatively limited.  The parties agree that discovery should commence on June 19, 2017 and be completed four months thereafter, or by September 26, 2017.

9.   <u>Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.</u>

The parties do not at this point anticipate using experts and do not seek any modification of Rule 26(a)(2).

10.   <u>In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.</u>

This topic is not applicable.

11.   <u>Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.</u>

The parties believe that both trial and discovery should proceed normally.

12.   <u>The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).</u>

The parties agree that a pretrial conference should be held approximately three weeks after the close of discovery, on or about November 28, 2017.

13.   <u>Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.</u>

The parties agree that the trial date should be set at the pretrial conference.

14.   <u>Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.</u>

The parties have agreed to accept electronic service in of all discovery materials, provided they are transmitted in legible PDF format.

C.      **Summary of Proposed Schedule**

| | |
|---|---|
| Referral to Magistrate for ADR | Immediately |
| Commencement of Discovery | June 19, 2017 |
| Amendment of Pleadings / Joinder | June 19, 2017 |
| Close of Fact Discovery | September 26, 2017 |
| Dispositive Motions Due | October 24, 2017 |
| Oppositions Due | November 7, 2017 |
| Replies (If Any) Due | November 14, 2017 |
| Pretrial Conference | November 28, 2017 (approx.) |
| Trial Date | February 2018 (approx.) |

Date: May 11, 2017                    Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*


/s/Connie N. Bertram
Connie N. Bertram, #435840
PROSKAUER ROSE, LLP
1001 Pennsylvania Ave. NW, Suite 600S
Washington, DC 20004
Phone: (202) 416-6810
Fax: (202) 416-6899
cbertram@proskauer.com

*Counsel for Defendant*